UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
FRANK LoCASCIO,

              Petitioner,

  -against-

UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------x

MEMORANDUM AND ORDER
00 CV 6015 (ILG)

GLASSER, United States District Judge:

      Frank LoCascio has moved this Court, pursuant to 28 U.S.C. § 2255 for an order that would vacate a judgment of conviction entered on June 23, 1992. Among the bases upon which his motion was brought was that he was denied the effective assistance of counsel. That motion was denied in an opinion reported in 267 F. Supp.2d 306 (E.D.N.Y. 2003) familiarity with which is assumed. The subsequent history of that case is reported in 395 F.3d 51 (2d Cir. 2005) and 372 F. Supp.2d 304 (E.D.N.Y. 2005), familiarity with each of which is assumed.

      In anticipation of a hearing to be held as directed by the Court of Appeals, the government, by letter dated September 12, 2005, has requested an *in limine* ruling to the effect that the attorney-client privilege LoCascio and Anthony Cardinale would otherwise enjoy, has been waived and that Cardinale may be cross-examined concerning communications between him and John Gotti, to the extent applicable.

      The alleged ineffective assistance of Cardinale was first made known to LoCascio approximately 18 years after his conviction and only after his co-defendant John Gotti died. It was only then that Cardinale volunteered that during the trial, Gotti threatened to kill him if he didn't advance Gotti's interests as well as LoCascio's and that threat he

alleged had a chilling effect on his representation of LoCascio.

Cardinale is expected to testify to that fact and in calling upon him to do so, LoCascio will waive the privilege he would otherwise enjoy.

## Discussion

In <u>Bittaker v. Woodford</u>, 331 F. 3d 715, 716 (9th Cir. 2003), the Court wrote that "It has long been the rule in the federal courts, that where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." <u>See</u> <u>also</u> <u>Tasby v. United States</u>, 504 F. 2d 332, 336 (8th Cir. 1974). That result is also reflected, albeit obliquely, in the Circuit's opinion in <u>Sparman v. Edwards</u>, 154 F. 3d 51 (2d Cir. 1998) (per curiam), in which that Court decided that the "assertedly ineffective attorney should be afforded an opportunity to be heard and to present evidence in the form of live testimony, affidavits or briefs." District courts in this circuit have held that a petitioner's claim of ineffective assistance results in a waiver of his attorney-client privilege. <u>See</u> <u>Graziose v. United States</u>, 2004 WL 102699 (S.D.N.Y. 2004); <u>Coluccio v. United States</u>, 289 F. Supp. 2d 303, 304-05 (E.D.N.Y. 2003); <u>Davila-Bajana v. United States</u>, 2002 WL 1268000 (E.D.N.Y. 2002); <u>United States v. Ternullo</u>, 413 F. Supp. 801, 803 (S.D.N.Y. 1976).

Unlike virtually every other claim of counsel ineffectiveness which is initiated by an assertion to that effect by the defendant, the genesis of this claim is the alleged ineffectiveness professed by counsel. The unique origin of this claim does not alter the consequence for the privilege.

The fundamental purpose of the privilege was to encourage full and frank communication between the attorneys and their clients and to shield those communications from disclosure. "However, the attorney-client privilege cannot at

once be used as a shield and a sword. . . . A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. Thus the privilege may be waived when the defendant asserts a claim that in fairness requires examination of protected communications." United States v. Bilzerian, 926 F. 2d 1285, 1292 (2d Cir. 1991) (internal citations omitted). See also In re Grand Jury Proceedings John Do Co. v. United States, 350 F. 3d 299 (2d Cir. 2003) (forfeiture of the privilege is justified by fairness to the adversary because it would be unfair for a party asserting a claim to a court to then assert the attorney-client privilege to preclude his adversary's access to material that might disprove his claim).

Those principles, so plainly applicable here, compel the conclusion that the motion be granted and it is,

SO ORDERED.

Dated:     Brooklyn, New York
             September 14, 2005

                                                S/   _____
                                                       I. Leo Glasser